Dear Mr. Wood:
We are in receipt of your request for an Attorney General's opinion on behalf of the Town of Killian. Specifically, you seek our opinion as to the filling of the two newly created aldermen positions since the increasing in the number of aldermen from three to five in the Town of Killian due to the reclassification on November 16, 2001.
In Attorney General Opinion No. 81-1037 we found that since the legislature used the mandatory word "shall" in R.S. 33:381 [now R.S.33:382], which provides in part, "The number of aldermen in a city shall be not less than five and not more than nine; in a town, five; and in a village, three ", it would appear to be a requirement that the membership of the board of aldermen be increased, or decreased as the case may be, where a municipality changes in population and thus changes its status. We further opined that "such change by operation of law immediately creates vacancies in the newly created offices" and should be filled in accordance with the Election Code, R.S. 18:602.
Although we recognize that a newly created office in a reclassification of a municipality does not fall within the definition of a "vacancy" in R.S. 18:581, we are of the opinion that the general municipal powers of R.S. 33:361 authorize the governing authority to fill the newly created seats. R.S. 33:361, provides in part:
 A. Except as otherwise provided in this Part, a municipality shall be vested with all powers, rights, privileges, immunities, authorities, and duties heretofore possessed in accordance with all constitutional and statutory provisions with respect thereto. A municipality is further authorized to exercise any power and perform any function necessary, requisite, or proper for the management of its affairs not denied by law.
Certainly the increase, or decrease as the case may be, in the membership of the board of aldermen of a municipality whose status changes due to a change in population qualifies as a necessary, requisite and/or proper function for the management of the municipality. While there is no law specifically addressing how to fill these newly created offices, we point out that there is no law which denies the filling of these newly created offices as suggested by our office in our earlier opinion. Thus, the provisions of R.S. 18:602 are the only reasonable provisions of law on point in which to fill these newly created offices and it is our opinion that the governing authority should proceed to appoint, with ten (10) days of this opinion, a qualified person to fill the newly created offices. Additionally, the governing authority should issue a proclamation ordering a special election to fill these newly created offices on an election date provided in R.S. 18:402, publish the proclamation in the official journal of the parish, and further comply with all relevant provisions of R.S. 18:602.
In conclusion, while R.S. 33:342 authorizes a change in classification of a municipality upon a change in population, the statue simply is silent on the issue herein, filling the newly created offices, and therefore, should be brought to the attention of the Louisiana legislature for proper resolution. Trusting that this opinion satisfactorily answers your question, we remain
Yours very truly,
 RICHARD P. IEYOUB ATTORNEY GENERAL
ANGIE ROGERS LAPLACE
RPI/ARL;mjb
Cc: Hon. W. Fox McKeithen Hon. Mike Foster House Governmental Affairs Comm. Senate Governmental Affairs Comm.